FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY U. TOWNSEL,<br><br>                Plaintiff,<br><br>    v.<br><br>TIMOTHY WHITNEY,<br>CHRISTOPHER M. MALONE, and,<br>COREY SCHMIDT,<br><br>                Defendants. | NO: 4:22-CV-5122-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is the Court's Order to Show Cause. ECF No. 107. Plaintiff was ordered to show cause on or before May 15, 2025, as to why this case should not be dismissed for Plaintiff's failure to follow the Court's Order. Plaintiff responded to the Order to Show Cause but has not complied with the Court's scheduling Order.

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether

ORDER OF DISMISSAL ~ 1

to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261. In the present action, the first two factors weigh in favor of dismissal. Plaintiff has not complied with the Court's scheduling order. This lack of response by Plaintiff clearly suggests that Plaintiff does not intend to litigate this case diligently, and ongoing delay would hinder the Court's ability to manage its docket.

The third factor for the Court to weigh is the risk of prejudice to the Defendants. The Court must examine whether Plaintiff's actions impaired the Defendants' ability to go to trial or threatened to interfere with the rightful decision of the case. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).

"Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court must also weigh whether prejudice is sufficient to support dismissal with consideration of the strength of Plaintiff's excuse for default. *See Malone*, 833 F.2d at 131. Plaintiff has not complied with the scheduling order. This factor weighs in favor of dismissal.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits. The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Malone*, 833 F.2d at 133 n.2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986) (court must first consider the impact of the sanction and the adequacy of less drastic sanctions). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement." *Malone*, 833 F.2d at 132-33. This factor weighs in favor of dismissal. Plaintiffs complete lack of complying with the scheduling order demonstrates an unwillingness to participate in prosecuting this action.

ORDER OF DISMISSAL ~ 3

1   After carefully weighing each of the factors, the Court finds that four out of
2 the five weigh in favor of dismissal. Accordingly, the Court orders dismissal of
3 this case.
4 **ACCORDINGLY, IT IS HEREBY ORDERED**:
5   1. All claims and causes of action in this matter are **DISMISSED** with
6      prejudice.
7   2. All pending motions are **DENIED** as moot.
8   The District Court Executive is directed to enter this Order and Judgment
9 accordingly, furnish copies to the parties, and **CLOSE** the file.
10  **DATED** July 8, 2025.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 4